UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                      :

**UNION MUTUAL FIRE INSURANCE COMPANY**,
                      :

                      :

             Plaintiff,
                      :   **MEMORANDUM DECISION AND ORDER**

      – against –
                      :   23-CV-1288 (AMD) (VMS)

                      :

**259 ROGERS LLC, PARKVIEW MANAGEMENT GROUP INC., G-WAY MANAGEMENT LLC,** and **PABLO ACERO**,
                      :

                      :

           Defendants.
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brings this action under 28 U.S.C. § 2201 seeking a declaration that it has no duty to defend or indemnify three defendants — 259 Rogers LLC, Parkview Management Group Inc., and G-Way Management Inc. (the "insured defendants") — in two state court actions brought by another defendant, Pablo Acero, arising from an injury he suffered at the insured property at 259 Rogers Avenue, Brooklyn, NY. (ECF Nos. 1, 19.) On September 23, 2025, the Court denied the plaintiff's motion for summary judgment. (ECF No. 61.) Before the Court is the plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). (ECF No. 62.) For the reasons explained below, the motion is denied.

## LEGAL STANDARD

A motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b) "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling." *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599, 03-CV-92, 2015 WL

5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Loc. Civ. R. 6.3); *Arnold v. Geary*, 981 F. Supp. 2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014).  A motion to alter or amend a judgment under Rule 59(e) "is treated as an extraordinary remedy that is to be employed sparingly." *Moon Rocket Inc. v. City of New York*, No. 24-CV-4519, 2025 WL 2324074, at *2 (S.D.N.Y. Aug. 12, 2025) (citation modified); *see also Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) ("The standard for granting such a motion is strict." (citation omitted)).  "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phillips v. Metro. Transp. Auth.*, No. 21-CV-5679, 2025 WL 2889272, at *1 (E.D.N.Y. Sept. 17, 2025) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020)).  "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Kelly v. LCL Constr. Servs. LLC*, No. 23-CV-7566, 2025 WL 1787169, at *2 (E.D.N.Y. June 27, 2025) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).  "A party's 'disagreement' with the court's 'explication of the relevant legal standards and application of the standards to the facts of th[e] case' does not justify the grant of a motion for reconsideration." *Id.* (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018)).

Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances — for example, if the judgment was procured by fraud, or if new evidence has surfaced that could not have been discovered earlier with reasonable diligence.  Fed. R. Civ. P. 60(b).  However, "[s]ince [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.

2

1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances" (citation modified)).  Thus, "[a] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citation omitted).

## DISCUSSION

The Court assumes familiarity with the underlying facts of this case, which were detailed in the Court's September 23, 2025 opinion and order.  (*See* ECF No. 61.)  To summarize, the plaintiff, an insurance company, issued a commercial property and general liability insurance policy to 259 Rogers LLC, insuring the property at 259 Rogers Avenue, Brooklyn, NY (the "insured property"), for the period from March 19, 2020 to March 19, 2021.  (ECF No. 52-5, Insured Def. 56.1, ¶¶ 1–3; ECF No. 52-8, Ex. 2 (the Policy).)  The policy names the other insured defendants, Parkview Management Group LLC and G-Way Management Inc., as "Additional Insureds."  (Insured Def. 56.1 ¶ 4.)  The policy includes two relevant coverage exclusions.  The first is the "Designated Ongoing Operations Exclusion," which excludes from coverage bodily injuries "arising out of" "[a]ny construction, renovation or repair work except when performed by independent contractors and/or subcontractors who have met the conditions of the Independent or SubContractors Endorsement," "regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others."  (ECF No. 52-8 at 97.)  It reads:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description of Designated Ongoing Operation(s):**

Any construction, renovation or repair work being performed at any insured location, except when performed by independent contractors and/or subcontractors who have met the conditions of the Independent or SubContractors Endorsement GL UM 0684 04 13 attached to the policy.

**Specified Location (If Applicable):**
(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A–BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" and "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

(Insured Def. 56.1 ¶ 14; ECF No. 52-8 at 97.)

The second is the "Independent or Sub-Contractors Conditions Endorsement"

("Independent Contactor Exclusion"), which "only afford[s] independent or sub-contractor's

4

coverage" in "excess over" an independent contractor or subcontractor's insurance if the latter meets certain criteria.  (ECF No. 52-8 at 87.)  It reads:

> This policy shall only afford independent or sub-contractor's coverage when all of the following conditions have been met:
>
> **CONDITIONS – INDEPENDENT CONTRACTORS AND SUBCONTRACTORS COVERAGE**
>
> 1. With respect to work performed on your behalf by independent contractors or subcontractors, if (1) each such independent contractor or subcontractor carries insurance providing coverage for the "bodily injury" or "property damage" that would be subject to the exclusions in paragraphs 2, 3 and 4 below and; (2) such insurance provides coverage and limits at least equal to that provided by this policy but for the exclusions in paragraphs 2, 3 and 4 below and; (3) you have been named as an additional insured on such insurance coverage, then the exclusions in paragraphs 2, 3 and 4 below shall not apply and this policy shall be excess over such insurance.
>
> Otherwise;
>
> 2. This insurance does not apply to "bodily injury" or "property damage" arising out of any and all work performed by independent contractors or subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others.  This exclusion applies regardless of where such work is performed.
>
> 3. This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any and all work performed by independent contractors or subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others.  This exclusion applies regardless of where such work is performed.
>
> 4. This insurance does not apply to "bodily injury" or "property damage" sustained by any owner, partner or employee of any independent contractor or subcontractor working for you or on your behalf, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others.  This exclusion applies regardless of where such work is performed.

(Insured Def. 56.1 ¶ 13; ECF No. 52-8 at 87.)

Pablo Acero brought two New York state court actions against the insured defendants, as well as Alexander Pitt, the owner of two companies that were tenants at the insured property — Room 24K LLC and Luxury to Go LLC.  (Insured Def. 56.1 ¶¶ 6–9, 11.)  Acero alleges that he was injured while doing construction for Pitt at the insured property on October 5, 2020.  (*Id.* ¶¶ 6–10; *see also* ECF Nos. 52-10, Ex. 4, *Acero v. 259 Rogers LLC*, Ind. No. 523141/2020 (Sup. Ct. Kings Cnty.), Summons and Verified Complaint; ECF No. 52-11, *Acero v. Rogers BK LLC*, Ind. No. 508839/2023 (Sup. Ct. Kings Cnty.), Summons and Verified Complaint; ECF No. 52-15 at 10–11.)  Pitt hired Acero to do this work without a written contract.  (Insured Def. 56.1 ¶ 10.)

On February 17, 2023, the plaintiff brought this action in federal court against 259 Rogers LLC and Acero, seeking a declaratory judgment that it has no obligation or duty to defend or indemnify the defendants in Acero's first state court action.  (ECF No. 1.)  On June 21, 2023, the plaintiff amended the complaint to add the remaining insured defendants, Parkview Management Group Inc. and G-Way Management Inc., which Acero sued in the second state court action.  (ECF No. 19.)

On December 5, 2024, the plaintiff moved for summary judgment, seeking a declaratory judgment that it has no duty to defend or indemnify the insured defendants in the state actions because the unambiguous terms of the Designated Ongoing Operations Exclusion and the Independent Contractor Exclusion applied to Acero's claims.  (ECF No. 52.)  The Court must view "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor," *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010), and interpret an "ambiguous . . . exclusion provision . . . in favor of the insured," *Wellsville Manor LLC v. Great Am. Ins. Co.*, No. 22-CV-1229, 2024 WL 4362599, at *4 (E.D.N.Y. Oct. 1, 2024)

6

(quoting *Goldberger v. Paul Revere Life Ins. Co.*, 165 F.3d 180, 182 (2d Cir. 1999)) (collecting cases).  Applying those standards, the Court denied summary judgment.  (ECF No. 61.)  The Court found that the Designated Ongoing Operations exclusion was ambiguous, and that while the Independent Contractor Exclusion was not ambiguous, a genuine dispute of material fact about whether Acero was an independent contractor or an employee precluded summary judgment.  (*Id.* at 10–13, 18–21.)

In seeking reconsideration, the plaintiff argues the Court erred in finding the Ongoing Operations Exclusion was ambiguous.  (ECF No. 62-2 at 5–9.)  According to the plaintiff, the Court interpreted the two exclusions inconsistently and overlooked language in the Ongoing Operations Exclusion that makes the exclusion unambiguous.  (*Id.* at 5–7.)  The plaintiff maintains that the Court's ruling is "contrary to precedent and recent case law."  (*Id.* at 7–8.)  The insured defendants respond that the plaintiff's motion does not meet the strict standard for reconsideration, and that the Court did not err in finding the Ongoing Operations Exclusion ambiguous.  (ECF No. 66 at 4–15.)

The plaintiff argues that "[t]he only difference between the two provisions" the Court analyzed "is the substitution of the word 'operations' for 'work' and the word 'conducted' for 'performed.'"  (ECF No. 62-2 at 5.)  The plaintiff quotes the following from the exclusions:

> The Ongoing Operations Exclusion states, in pertinent part:
>
> This insurance does not apply to "bodily injury" and "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, **regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others**.
>
> The Contractors Endorsement states, in pertinent part:
>
> This insurance does not apply to "bodily injury" or "property damage" arising out of any and all work performed by independent

7

contractors and subcontractors, **regardless of whether such work is performed on your behalf or whether such work is performed for you or for others.** This exclusion applies regardless of where such work is performed.

(ECF No. 62-2 at 5.)  But the plaintiff overlooks the critical difference between the two provisions that gives rise to the ambiguity the Court found.  The Ongoing Operations Exclusion states the exclusion applies "regardless of **whether** such operations are conducted **by you or on your behalf**," whereas the Independent Contactor Exclusion states the exclusion applies "regardless of **whether** such work is performed **on your behalf**."  (ECF No. 52-8 at 87, 97 (emphasis added).)  "[A]mbiguity develops whenever a speaker states that something will occur 'regardless of whether' two expressly stated alternatives occur," because "it is ambiguous . . . whether the speaker intends to differentiate between two express possibilities on the one hand, and the silent, implied possibility of 'neither' on the other hand."  (ECF No. 61 at 12 (quoting *Emanuel v. Ace Am. Ins. Co.*, No. 11-CV-875, 2012 WL 2994285, at *2 (D. Md. July 20, 2012)).)  Keeping in mind the Second Circuit's admonition that "ambiguity" in an insurance contract, "'particularly the language of an exclusion provision,' . . . is [to be] interpreted in favor of the insured," *Wellsville Manor LLC*, 2024 WL 4362599, at *4 (citations omitted), the Court found that the designated Ongoing Operations Exclusion is ambiguous as to whether the insured defendants are covered for injuries that happen on the property when the construction is not done "by [the insured defendants] or on [their] behalf," as was the case with Acero (ECF No. 61 at 13).  The Court also found that there was no such ambiguity in the Independent Contractor Exclusion because it does not include two express alternatives: the exclusion applies "regardless of whether such work is performed on your behalf."  (*Id.* at 15–20.)  Additionally, assuming Acero was a contractor, the Independent Contractor Exclusion covers the situation where the construction work "is performed for [the insured] or for others."  (*Id.* at 20.)

8

The plaintiff also argues the Court "overlooked the last line" of the Ongoing Operations Exclusion, which states that the exclusion applies "regardless of whether . . . the operations are conducted for yourself **or for others**." (ECF No. 62 at 11 (alterations in original).)  The plaintiff's quote omits the policy language that the Court found ambiguous — the exclusion applies "regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." (ECF No. 52-8 at 97.)  The Court agrees that the latter phrase — "whether the operations are conducted for yourself or for others" — is not ambiguous, but, as explained in the memorandum decision and above, the "regardless of whether such operations are conducted by you or on your behalf" language is ambiguous.  (*Id.*)

The plaintiff also asserts that the Court's decision is "contrary to precedent and recent case law from this District," and cites three cases — one district court decision issued after the Court's decision and two New York State Supreme Court of Kings County decisions — granting summary judgment on similar facts.  (ECF No. 62-2 at 7–8.)[1]  The plaintiff has not, however, cited any controlling appellate authority that requires a different outcome.  *See Calderon v. Breadberry Inc.*, No. 22-CV-1601, 2023 WL 3819375, at *5 (E.D.N.Y. June 5, 2023) ("Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts." (citation omitted)).  The recent district court decision, by Judge Eric Komitee, came out a few days after the Court's decision.  *See Union Mut. Fire Ins. Co. v. Rodriguez*, No. 22-CV-6322, 2025 WL 2782496 (E.D.N.Y. Sept. 30, 2025) (subsequent history omitted).  Judge Komitee found that the

---

[1] The state cases the plaintiff cited are *Union Mutual Fire Ins. Co. v. C&K 28 Realty Corp.*, Index No. 520715/2017 (Sup. Ct. Kings County, Oct. 9, 2020), and *Community Mutual Ins. Co. v. Perets Zikry, et al,* Index No. 530296/2022 (Sup. Ct. Kings County, Feb. 5, 2025).

Ongoing Operations Exclusion is unambiguous and "states that the Policy does not apply to any 'construction, renovation, or repair work' at [the insured property], unless the person performing that work is an independent contractor that meets the criteria outlined in the Independent Contractor [ ] Exclusion." *Id.* at *3. Judge Komitee did not address the ambiguity this Court identified. The Court respectfully adheres to its decision. As explained above, the Second Circuit has instructed that if the language of the insurance policy "is ambiguous, 'particularly the language of an exclusion provision,' the ambiguity is [to be] interpreted in favor of the insured." *Wellsville Manor LLC*, 2024 WL 4362599, at *4 (quoting *Goldberger*, 165 F.3d at 182) (collecting cases). "The law governing the interpretation of exclusionary clauses in insurance policies is highly favorable to insureds," and "[p]olicy exclusions are enforced only when they have a definite and precise meaning, unattended by danger of misconception." *Beazley Ins. Co., Inc. v. ACE Am. Ins. Co.*, 880 F.3d 64, 68 (2d Cir. 2018) (citation modified).

With these demanding standards in mind, and applying the strict summary judgment standard, *Tracy*, 623 F.3d at 95, the Court found that the situation in this case — in which Acero was "working on construction conducted by Room 24K or Pitt — who were not parties to the insurance contract" — is "precisely the scenario in which the ambiguity [in the insurance policy] arises," and "[a]t the very least, the plaintiff has not established that 'the exclusion is subject to no other reasonable interpretation'" (ECF No. 61 at 13). "Rule 59 is not a vehicle for . . . taking a second bite at the apple," nor can "[a] party's 'disagreement' with the court's 'explication of the relevant legal standards and application of the standards to the facts of th[e] case' . . . justify the grant of a motion for reconsideration." *Kelly*, 2025 WL 1787169, at *2 (citations omitted). The same is true for a Rule 60(b) motion. *Maldonado*, 490 F. App'x at 406 ("A Rule 60(b)

motion is properly denied where it seeks only to relitigate issues already decided." (citation omitted)).  Accordingly, the motion is denied.[2]

## CONCLUSION

For these reasons, the plaintiff's motion for reconsideration is denied.


**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
          May 8, 2026

---

[2] The plaintiff argues "[w]hether [ ] Acero is ultimately held to be an employee of the insured's tenant or an independent contractor is immaterial" because "[i]f Acero was an employee, then [the] [d]efendants are barred from coverage under the Ongoing Operations Endorsement," and "[i]f he was an independent contractor, then the defendants are barred from coverage under the Contractors Endorsement."  (ECF No. 62-2 at 8–9.)  Because the Ongoing Operations Exclusion is ambiguous, Acero's status as a contractor or an employee is a material fact in dispute precluding summary judgment.